**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEBRA NELSON** | § | |
| | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | C.A. No. 4:19-cv-263 |
| | § | *Jury Requested* |
| **SUNBEAM PRODUCTS, INC. d/b/a** | § | |
| **JARDEN CONSUMER SOLUTIONS** | § | |
| | § | |
|    **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AGAINST
DEFENDANT SUNBEAM PRODUCTS, INC.
d/b/a JARDEN CONSUMER SOLUTIONS**

Plaintiff DEBRA NELSON respectfully submits her Complaint against SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, and in support thereof would show as follows:

**I.
Introduction**

1. This lawsuit arises from an incident in which Plaintiff suffered third degree burns due to a dangerously defective space heater manufactured by Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS ("SUNBEAM").

**II.
Parties**

2. Plaintiff, DEBRA NELSON is a Texas citizen who resides in Lamar County, Texas.

3. Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS is a Delaware based corporation doing business in Texas. Defendant may be served with citation and suit papers by serving same on its Registered Agent for Service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### III.
### Jurisdiction

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 excluding interests and costs. Specifically, Plaintiff would show that she is a citizen of the State of Texas and Defendant is a corporate citizen of the State of Delaware doing business in the State of Texas.

### IV.
### Venue

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

### V.
### Conditions Precedent

6. All conditions precedent have been performed or have occurred.

### VI.
### Facts

7. At some point prior to January 2018, Plaintiff DEBRA NELSON purchased the subject space heater, a Sunbeam Space Heater, Model No. SQH310, (hereinafter referenced as "Sunbeam Heater") from a Walmart in or near Paris, Texas.

7. On or about January 30, 2018, Plaintiff DEBRA NELSON was asleep in her mobile home with the Sunbeam Heater powered on and heating her sleeping area. In the early morning while it was still dark, Plaintiff woke and as she was standing up, she became light-headed and fell to the floor towards the Sunbeam Heater. As she fell to the floor, she tipped the Sunbeam Heater over and came to rest with her back against the grill of the Sunbeam Heater. Even though the Sunbeam Heater had tipped over, it did not turn off. Plaintiff was immobilized for a period of time with her back pressed against the dangerously hot surface of the Sunbeam Heater while it seared the flesh of her back causing third degree burns and other injuries.

## VII.
## Causes of Action Against
## Defendant SUNBEAM PRODUCTS, INC., d/b/a
## JARDEN CONSUMER SOLUTIONS

**A.    Strict Liability**

8. At all relevant times, Defendant SUNBEAM was in the business of designing, manufacturing, and marketing space heaters and did in fact design, manufacture and market the Sunbeam Heater made the basis of this lawsuit. Defendant SUNBEAM is the manufacturer of the subject space heater within the meaning of Tex. Civ. Prac. & Rem. Code §82.001(4) and is liable as stated herein for the injuries suffered by Plaintiff as a result of defects in the Sunbeam Heater.

9. The Sunbeam Heater and/or its component parts that caused Plaintiff's injuries were defective and unreasonably dangerous by reason of defective design, manufacture and marketing, which defective and unreasonably dangerous conditions

exposed Plaintiff and the public in general to an unreasonable risk of harm.

10. The Sunbeam Heater was defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use the subject space heater, including Plaintiff. Said defects were present when the space heater was sold, marketed, and/or placed into the stream of commerce. Accordingly, Defendant SUNBEAM is liable to Plaintiff under the doctrine of strict products liability in tort for Plaintiff's injuries produced by the defects in the subject space heater.

11. Each defect in the subject space heater is a defect for which there is a safer alternative design that is both technologically and economically feasible and that, if incorporated into the subject space heater, would not have impaired its utility and would have reduced or eliminated the risks and hazards associated with the product, along with the injuries suffered by Plaintiff.

12. The Sunbeam Heater was also defective in that Defendant SUNBEAM manufactured the subject space in a manner that deviated in construction or quality from specifications or planned output so as to render the space heater unreasonably dangerous.

13. Defendant SUNBEAM marketed the space heater in a defective manner in that SUNBEAM failed to effectively warn consumers of the unreasonably dangerous properties of this space heater and methods by which consumers, such as Plaintiff, could guard against and/or mitigate such injuries and damages.

**B.     Breach of Warranty**

14. Plaintiff incorporates herein all of the foregoing allegations and contentions.

15. Defendant SUNBEAM, by and through the sale of the space heater described

above, expressly and impliedly warranted to the public generally, and to the Plaintiff specifically, that the subject space heater was fit for the purposes for which it was intended. Plaintiff relied on Defendant SUNBEAM's express and implied warranties.

16. Contrary to the warranties, the subject space heater was not fit for its intended uses, rendering the subject space heater unreasonably dangerous. Defendant SUNBEAM breached the express and implied warranties because of the subject space heater's failure and defective nature, and because of the improper marketing involving Defendant SUNBEAM's failure to warn of the space heater's dangers or defects. Defendant's breach of warranties and the above-mentioned defects rendered the subject space heater unreasonably dangerous and caused Plaintiff to suffer injuries and damages.

**C.    Negligence**

17. Plaintiff incorporates herein all of the foregoing allegations and contentions.

18. Defendant SUNBEAM owed the Plaintiff, as well as the public at large, the duty of reasonable care in the designing, manufacturing and marketing of the Sunbeam Heater. Defendant SUNBEAM knew, or in the exercise of ordinary care should have known, that the Sunbeam Heater was defective and unreasonably dangerous to those persons likely to use the product for the purposes and in the manner for which it was intended to be used. Plaintiff would show that the incident in question and her resulting injuries and damages were brought about and caused to occur due to the negligence and carelessness of the Defendant SUNBEAM in some one or more of the following ways, to-wit:

    (1)    In failing to design its products in a manner that made the Sunbeam Heater reasonably safe for its intended use;

    (2)    In failing to manufacture its products in a manner that made the Sunbeam Heater reasonably safe for its intended use;

    (3)    In failing to market its products in a manner that made the Sunbeam Heater reasonably safe for its intended use;

    (4)    In failing to give adequate or proper warning or instructions regarding the Sunbeam Heater; and

    (5)    In failing to recall or timely recall the Sunbeam Heater or make appropriate post-marketing efforts to prevent incidents such as the incident made the basis of this lawsuit.

As set forth above, Defendant SUNBEAM failed to act as an ordinary prudent manufacturer in designing, manufacturing and marketing the Sunbeam Heater and thus violated its duties to Plaintiff and causing her to suffer injuries and damages.

## VII.
## CAUSATION

22. Plaintiff incorporates herein all of the foregoing allegations and contentions.

23. Defendant SUNBEAM's conduct (described above under the causes of action of strict products liability, breach of warranty, negligence, and any other liability theory included in Plaintiff's allegation) was a producing and/or proximate cause of Plaintiff's injuries, as those terms are applied and understood under the laws of the State of Texas.

## VIII.
## Damages

24. Plaintiff seeks actual damages against Defendant for the injuries that she suffered as a result of the incident and defective product made the basis of this lawsuit,

including medical care expenses, loss of earning capacity, physical impairment, physical pain, mental anguish, and disfigurement, all of which damages Plaintiff has suffered in the past and will continue to suffer into the future.

## X.
## Request for Jury Trial

25. Plaintiff requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that she have judgment against the Defendant, for her damages as follows:

A. Compensatory damages of medical care expenses, loss of earning capacity, physical impairment, physical pain, mental anguish, and disfigurement against Defendant, as appropriate and allowed by law;

B. Plaintiff further sues for pre-judgment interest and costs of court as allowed by law; and

C. For such other and further relief, both general and special, legal and equitable, as she may show herself justly entitled.

Respectfully Submitted,

THE CALLAHAN LAW FIRM

_/s Michael Callahan_____
MICHAEL S. CALLAHAN *(Lead Attorney)*
Texas Bar No. 00790416
CASEY M. BROWN
Texas Bar No. 24031768
THE CALLAHAN LAW FIRM
440 Louisiana Street, Suite 2050
Houston, Texas 77002
(713) 224-9000
(713) 224-9001 (fax)
Email: efiling@thecallahanlawfirm.com

GARCIA DE LA GARZA, LLP

_/s Mario De La Garza_____
MARIO DE LA GARZA
Texas Bar No. 24040785
GARCIA DE LA GARZA, LLP
1616 S. Voss, Suite 870
Houston, Texas 77057
(713) 784-1010
(713) 784-1011 (fax)
Email: mdelagarza@gdtrialattorneys.com