# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DEBRA NELSON | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:19-CV-263 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SUNBEAM PRODUCTS, INC. d/b/a | § | |
| JARDEN CONSUMER SOLUTIONS, | § | |
| | § | |
| *Defendant.* | § | |

## FINAL INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those

arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for either party in arriving at your verdict.  Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the question accordingly.

## PARTY REFERENCES

The Plaintiff in this case is Debra Nelson, who I will refer to as Plaintiff.  The Defendant in this case is Sunbeam Products, Inc., who I will refer to as Defendant.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden of proving her case by a "preponderance of the evidence."  To establish by a preponderance of the evidence means to prove something is more likely so than not so. Let me give you the example I gave at the beginning of trial.  Take the evidence and imagine that it is equally balanced on a scale, so that both sides of the scale are even.  Now take a feather and add it to one side of the scale, so that the scale tips ever so slightly in that direction.  That is a preponderance of the evidence.

If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### DEMONSTRATIVE EVIDENCE

Certain exhibits have been presented to you as demonstratives. These items are a party's illustration used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

### CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## **WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## **EXPERT TESTIMONY**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## INSTRUCTION REGARDING JUROR QUESTIONS

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness's testimony.  Remember that I asked you not to be offended if I did not present your question to be answered by the witness.  You should not speculate on the answer to any unasked question and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

## STIPULATIONS OF FACT

A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.  Before this trial started, the parties stipulated or agreed that certain facts are true.  These facts are as follows:

1. The Sunbeam Space Heater Model SQH310 in issue was designed and manufactured by Defendant Sunbeam Products, Inc.

2. Defendant Sunbeam Products, Inc. placed the Sunbeam Space Heater Model SQH310 in issue into the stream of commerce.

3. On or about January 30, 2018, Plaintiff Debra Nelson suffered third degree burns to her back.

**PARTIES' CONTENTIONS**

Plaintiff contends that Defendant defectively designed the space heater at issue, causing Plaintiff to suffer injuries. Defendant denies Plaintiff's contention and alleges that Plaintiff's injuries were not proximately caused by any defect in the space heater at issue. Further, Defendant claims Plaintiff's own negligence proximately caused the injury in question.

**PLAINTIFF'S CLAIM: DESIGN DEFECT**

Plaintiff contends that Defendant defectively designed the Space Heater Model SQH310 at issue. To prevail on a claim of design defect, Plaintiff must prove by a preponderance of the evidence that:

1. The product was defectively designed so as to render it unreasonably dangerous;
2. A safer alternative design existed; and
3. The defect was a producing cause of the occurrence for which the plaintiff seeks recovery.

You should use the following definitions in your deliberations on this claim:

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist, there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability—

(1) would have prevented or significantly reduced the risk of the injury in question without substantially impairing the product's utility, and

  (2)  was economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

Texas law requires that an alternative design be tested. However, this testing need not entail actually constructing a model but can be as simple as applying math and physics to establish the viability of a design.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, and without which the injury would not have occurred. There may be more than one producing cause.

## DEFENDANT'S CLAIM: NEGLIGENCE

Defendant denies Plaintiff's claim and contends that Plaintiff's own negligence proximately caused the injury in question. Defendant has the burden to prove by a preponderance of the evidence that Plaintiff was negligent and that her negligence was a proximate cause of the injury.

You should use the following definitions in your deliberations on this claim:

"Negligence," when used with respect to the conduct of Plaintiff, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary Care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a company using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

With respect to the Plaintiff, do not consider any act or omission of the Plaintiff that constitutes a mere failure to discover or guard against a product defect.

### CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiff has proved her claims against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

### COMPENSATORY DAMAGES

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's injuries that were caused by the accident. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the pain and suffering, mental anguish, disfigurement, and physical impairment she has experienced or will experience because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inference where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence: 1) past and future physical pain and suffering; 2) past and future mental anguish; 3) past and future disfigurement; and 4) past and future physical impairment. Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Do not include any amount for any condition that did not result from the injury in question. Do not include any amount for any condition existing before the accident in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the accident in question.

### PHYSICAL PAIN AND SUFFERING DAMAGES

You may award damages for any pain and suffering that Plaintiff experienced in the past or will experience in the future as a result of the injury caused by Defendant. No evidence of the value of intangible things, such as physical pain and suffering, need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

### MENTAL ANGUISH DAMAGES

You also may award damages for any mental anguish that Plaintiff experienced in the past or will experience in the future as a result of the injury caused by Defendant.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Plaintiff as a result of the injury caused by Defendant. In order to recover mental anguish damages, there must be evidence showing the nature, duration, and severity of Plaintiff's mental anguish. That evidence must show either a substantial disruption in the Plaintiff's daily routine or a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger.

### DISFIGUREMENT

Disfigurement is that which impairs the beauty, symmetry, or appearance of a person or thing or that which renders a person unsightly or imperfect in some manner. In short, it is simply a change in one's appearance caused by another, without permission.

## PHYSICAL IMPAIRMENT DAMAGES

Physical impairment is an element of damages that extends beyond loss of earning capacity and beyond any pain and suffering, to the extent that it produces a separate loss that is substantial or extremely disabling. To recover damages for physical impairment, Plaintiff must show that (1) she incurred injuries that are distinct from or extend beyond, injuries compensable as pain and suffering, loss of earning capacity or other damage elements and (2) these distinct injuries have had a substantial effect.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing any damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of

her failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

### DUTY TO DELIBERATE AND JUROR NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED this 2nd day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE